E-FILED
Wednesday, 09 December, 2020 04:16:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MATTHEW R. ANDERSON, )
Plaintiff, )
)
vs. ) Case No. 20-2300
)
ANTONIO BROWN, et.al., )
Defendants. )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

The Plaintiff, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C.§1983 followed by two motions for leave to file an amended complaint. (1, 8, 12). Plaintiff's most recent complaint supersedes the previous complaints. Therefore, the Court will deny the first motion for leave to amend as moot [8] and grant the second motion for leave to amend pursuant to Federal Rule of Civil Procedure 15. [12].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's handwritten complaint identifies various Defendants at the Macon County Jail including Sheriff Antonio Brown, unidentified jail employees, Assistant Jail

Superintendent Flannery, Jail Superintendent Jaimie Belcher, Crossing Health Care, and unidentified "Medical Services Doctor." (Sec.Amd.Comp., p. 1).

Plaintiff says he is a pretrial detainee who entered the jail in June of 2020. Plaintiff developed a back injury after sleeping on the dayroom floor without a mattress. Based on the attachments to his complaint, Plaintiff says inmates remain in the dayroom for 14 hours a day. (Sec.Amd.Comp., p. 8). Since he is not allowed to bring his mattress into the dayroom, Plaintiff slept on the concrete floor when he was tired. (Sec.Amd.Comp., p. 8).

Plaintiff admits he saw a Crossing Health Care doctor on an unspecified day, but says his injury was a "reoccurring issue." (Sec.Amd.Comp., p. 1). Plaintiff told Nurse Leslie the steroids the doctor provided were not working and his back was worse. The nurse said she could give him Tylenol and check with the doctor. The nurse then provided the Tylenol but advised Plaintiff the doctor would not see Plaintiff and would not order any additional medication.

Defendant Assistant Jail Superintendent Flannery responded to Plaintiff's grievance.

> The Macon County Jail does not allow medium and maximum security classified inmates to bring their mattress out into the common area during hours out. This policy has been in place for nearly three years and is non-negotiable. (Sec.Amd.Comp., p. 7).

Plaintiff says the doctor is refusing to provide him with proper medical treatment. In addition, Defendant Flannery allows minimum security inmates to bring out mattresses, but Plaintiff is forced to sleep on a concrete floor.

The Fourteenth Amendment's objective unreasonableness standard governs a pretrial detainee's claims alleging a denial of medical care. *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). Plaintiff has not met this standard. Plaintiff does not provide much information about his back injury except to say his back hurts after he sleeps on the day room floor. Plaintiff has not provided time frames for when he met with a doctor, nor has he stated what diagnosis he received. Plaintiff admits the doctor provided medication, but Plaintiff still chose to continue sleeping on the floor during the day even though jail staff "highly discourages" this practice. (Sec. Amd. Comp., p. 1). Furthermore, Plaintiff was provided Tylenol when he again complained of pain, and Plaintiff does not allege he made any further complaints regarding back pain. Finally, Plaintiff clearly had a mattress in his cell to use during the evening hours.

It is not clear if Plaintiff intended to state a separate claim because he was not allowed to move his mattress into the dayroom while other detainees could. "A pretrial detainee states a conditions-of-confinement claim under the Fourteenth Amendment if he was subjected to conditions that were 'objectively unreasonable' and 'excessive in relation to any legitimate non-punitive purpose.'" *Smith v. Brown-Foiles*, 2020 WL 6889248, at *5 (S.D.Ill. Nov. 24, 2020) *quoting Hardeman v. Curran*, 933 F.3d 816, 824 (7th Cir. 2019). Plaintiff has not met this standard as he has not alleged an objectively unreasonable living condition. In addition, Jail staff explained the only detainees allows to move their mattress were those at a minimum-security risk, and courts must give correctional administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve

internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Plaintiff next says he has been in the jail since June of 2020 and the staff is not following any of the required safety measures to prevent exposure to COVID-19. (Sec.Amd. Comp., p. 2). For instance, staff members do not properly wear masks, inmates are not provided hand sanitizer, are not allowed to socially distance, are not allowed proper cleaning and disinfecting solutions, and new detainees are immediately placed in general population.[1]

For the purposes of notice pleading, Plaintiff has described conditions which are sufficiently serious and Defendants who acted objectively unreasonable. *See i.e. Adkins v. Watson*, 2020 WL 6701142, at *2 (S.D.Ill. Nov. 13, 2020)(plaintiff alleges constitutional violation "for exposing Plaintiff to conditions of confinement that posed a substantial risk of serious harm caused by the novel coronavirus…").

Plaintiff may proceed with this claim against Defendants Sheriff Antonio Brown, Assistant Jail Superintendent Flannery, and Jail Superintendent Jaimie Belcher. Plaintiff has not clearly articulated a claim against any other Defendant, and therefore the Court

[1] Plaintiff has also attached some grievances to his complaint which are not related to the allegations in his complaint. The Court will not consider the grievances as separate allegations since Plaintiff has not identified additional claims in the body of his complaint.

will dismiss Defendants unidentified jail employees, Crossing Health Care, and unidentified "Medical Services Doctor." (Sec.Amd.Comp., p. 1).

Plaintiff has also filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has demonstrated at least some attempt to find counsel to represent him. However, Plaintiff's claim before this Court is not complex and Plaintiff adequately provided a factual basis for his claim as well as supporting exhibits. Plaintiff also indicates he is a college graduate. (Plain. Mot., [5], p. 2). Plaintiff will also be able to obtain supporting documents during discovery. In addition, once the Defendants are served, the Court will enter a Scheduling Order which sets discovery deadlines and provides information to assist Plaintiff during the discovery process. Based on the record, Plaintiff's motion is denied. [5].

Finally, the Court notes Plaintiff has filed various letters in this case. [11, 13, 14]. Plaintiff must not file letters, but instead may file a motion requesting a specific action. In addition, Plaintiff may file a response to a motion filed by Defendants. Plaintiff is

also admonished he should not file exhibits with the Court unless they are attached to a motion or response.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Sheriff Antonio Brown, Assistant Jail Superintendent Flannery, and Jail Superintendent Jaimie Belcher violated Plaintiff's Fourteenth Amendment rights when they exposed Plaintiff to conditions of confinement which posed a substantial risk of serious harm caused by COVID- 19. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of

service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Deny Plaintiff's first motion for leave to amend as moot, [8]; 2) Grant Plaintiff's second motion for leave to amend pursuant to Federal Rule of Civil Procedure 15, [12]; 3) Deny Plaintiff's motion for appointment of counsel, [5]; 4) Dismiss Defendants unidentified jail employees, Crossing Health Care, unidentified Medical Services Doctor, and any other Doe Defendants for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 5) Attempt service on Defendants pursuant to the standard procedures; 6) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 7) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 9th day of December, 2020.

s/ James E. Shadid

---

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE